BALL GLOVE FASTENING CO. v. BALL & SOCKET FASTENER CO.

(Circuit Court, D. Massachusetts. December, 1892.)

No. 2514.

PATENTS FOR INVENTIONS—INFRINGEMENT—ACCOUNTING—MASTER'S FINDINGS.
In a suit for infringement of the Kraetzer patents, No. 290,067, and No. 306,021, for glove fasteners, the court held that the first claim of the former and the fourth claim of the latter were infringed by the "Mead solid-ball" fastener, and accordingly ordered an injunction and accounting. The master found that the "Mead hollow-ball" fastener was included in the decree, as being only colorably different from the solid-ball fastener. *Held,* that the finding should not be disturbed, the only difference being that in the solid-ball fastener the connecting shank goes down through the upper plate and the material, and is upset underneath the lower plate, on the underside of the material, while in the former the connecting shank goes up through the lower plate, material, and upper plate, and is upset or compressed in the hollow ball.

In Equity. Bill by the Ball Glove Fastening Company against the Ball & Socket Fastener Company for infringement of the Kraetzer patents, No. 290,067 and No. 306,021, for improvements in glove fast-

eners. An injunction was heretofore granted. 36 Fed. Rep. 309. Subsequently the court entered a decree for complainant, and an accounting was ordered. 39 Fed. Rep. 790. The cause is now heard on exceptions to the master's report. Overruled and report confirmed.

William B. H. Dowse, for complainant.

Thos. Wm. Clarke, for defendant.

COLT, Circuit Judge. This case now comes before the court upon exceptions taken by the defendant to the master's report.

As to the first exception, which relates to the question of jurisdiction, I have nothing to add to what is said by the court in the opinion in this case on motion for injunction. 36 Fed. Rep. 309.

The remaining exceptions relate to the Mead hollow-ball fastener, and the question is whether this fastener comes within the terms of the decree. This court has decreed that the Mead solid-ball fastener is an infringement of the second claim of the first, and the fourth claim of the second, Kraetzer patents. 36 Fed. Rep. 309. The master found the Mead fastener with a hollow ball to be identical in principle and appearance with the Mead solid-ball fastener, the difference being merely in construction; and he declined to enter into the prior state of the art, or to specifically compare the hollow-ball fastener with the claims of the Kraetzer patents, or to permit the introduction of testimony relative to the merits of the hollow-ball fastener. These devices relate solely to the button member of a fastener. In the solid-ball fastener, the connecting shank goes down through the upper plate and the material, and is upset underneath the lower plate, on the underside of the material; while in the hollow-ball fastener the connecting shank goes up through the lower plate, material, and upper plate, and is upset or compressed in the hollow ball. Upon a comparison of these two structures, I agree in the conclusion reached by the master. In the opinion referred to, the court said:

"The Kraetzer patents should not be limited to the exact forms found described in the specifications; and the defendant should not be permitted to escape by making colorable or immaterial changes in construction, while retaining all the vital parts of Kraetzer's improvements."

It is evident that the master, upon examination, considered that the difference between the solid-ball and the hollow-ball fasteners was merely colorable, and he therefore concluded that the hollow-ball structure was within the opinion and decree of the court, and that it was therefore unnecessary and, perhaps, improper, for him to go any further. I can see no sufficient reason for changing the master's findings. The exceptions are overruled, and the master's report confirmed.